

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RECEIVED
Jul 16, 2012
JUL 16 2012
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Alejandro Perales, Pro Se )
    Plaintiff, )
 )
v. )
 )
 )
Tom Dart, Sheriff of Cook County )
    Defendant. )
 )
 )
 )

12 C 5586
Judge Milton I. Shadur
Magistrate Judge Maria Valdez

COMPLAINT

## I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? YES    NO

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

    Plaintiffs    Leonicio Elizarri and 31 named and unnamed class members.

    Defendants    Sheriff of Cook County (Tom Dart)

2. Court (if federal court, name the district; if state court, name the county):

<u>United States District Court for the Northern District of Illinois</u>

3. Docket Number: 07-CV-2427

4. Name of judge to whom case was assigned  Honorable Joan B. Gottschall

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):

   Still pending.

6. Approximate date of filing lawsuit:   May 10, 2012 (not docketed til 6-14-12)

7. Approximate date of disposition: _____

II. **Place of Present Confinement:** Federal Correctional Institution Elkton

   A. Is there a prisoner grievance procedure in this institution? (YES) NO

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?   YES   (NO)   Not at FCI Elkton. I did at CCJ.

   C. If your answer is "yes",   I submitted multiple slips to staff.

      1. What steps did you take? _____

      2. What was the result? _____

   D. If your answer is "no", explain why not: _____

   E. If there is no prisoner grievance prcedure in the institution, did you complain to prison authorities?   YES   NO

-2-

F. If your answer is "yes",

    1. What steps did you take? _____

_____

    2. What was the result? _____

_____

## III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of the Plaintiff ____Alejandro Perales_____

    Address ____FCI Elkton PO Box 10 Lisbon, OH 44432____

(In item B below, place the full name of the defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Use item C for the names, positions and places of employment of any additional defendants.)

B. Defendant ____Tom Dart_____ is employed as ____Sheriff_____ at ____Cook County Jail_____.

C. Additional Defendants

There are multiple deputies that played a role in my violation, but because they are all under the training and direct supervision of Sheriff Tom Dart, he should be held solely liable in his official cap.

## IV. Statement of Claim

(State here the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite

-3-

any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separated paragraph. Use as much space as you need. Attach extra sheet(s) if necessary.)

On July 21, 2010, Plaintiff was extradicted back to the Cook County Jail on a state writ from Federal Correctional Institution Elkton under an Interstate Agreement on Detainers request.

State Investigator Rosendo Suarez was in charge of this transfer to and from each location. Plaintiff brought with several clothing items, but most importantly, he brought with his legal documents such as discovery on pending state case, case law citations in favor of Plaintiff's situation, Illinois state statutes (Public Law) and very important issues that were to be raised at trial. S.I. Suarez assured him that he would be allowed to keep his legal documentation throughout his stay at the CCJ. Upon arriving at the CCJ, Plaintiff was brought to Division 5 for intake proceedings. A sergeant (White-shirt)-(Description: Caucasian male approx. 6'2" with a heavy build, solid black hair combed to the side) grabbed his legal documents and threw them on top of a counter. Plaintiff requested that his documents be returned to him upon completion of the intake proceedings. The sergeant scolded obscenities and demanded that Plaintiff get in the "bull-pen" or lock up cage. Hours later, Plaintiff was placed in Division 9 in the 2-C housing pod. He asked the deputy working the pod if he can look into the whereabouts

-4-

(Statement of Claim continued)

of his legal documents. The deputy simply stated that it was "lights-out" and for Plaintiff to request information in the morning. The following day Plaintiff diligently sought his legal documents through multiple sources but all were unwilling to assist. Some days later, he asked the deputy working the pod if she can look into these lost documents, but she too was to no avail. (Deputy's possible identity is Dep. Brown, female, African-American, 5'3" in height, medium build with peculiar freckles and short hair dew) Plaintiff further submitted a "Request Slip" to the (R&D) intake staff in Division 5. He never received a response. A few weeks afterwards, he confronted a Deputy Fernando Trevino working his pod and requested that he look into these important documents. Deputy Trevino was to no avail as well.

Soontherafter, Plaintiff's family hired attorney, William P. Murphy. Without his legal documentation, relevant case law citations, along with other important issues that were to be raised at trial, Plaintiff found himself dumbfounded. With no personal agenda, and literally blinded for adjudication, Plaintiff pled guilty to the said charges. Sadly, Plaintiff now has a second sentence that he must serve upon completion of his federal commitment. Plaintiff has since filed a petition for Executive Clemency in hopes of having that sentence run concurrent to his federal sentence- Docket No. 29766.

Plaintiff avers, asserts, and attests that his Sixth Amendment Right was violated. As stated herewith: "Rights of the accused- In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been commited, ..." Plaintiff was deprived of this right when his legal instruments were seized from his person by staff at the Receiving and Discharge (Division 5) of the Cook County Jail. This action was prejudicial because had he'd been given his legal instruments, the outcome of the proceedings would of been different.

In February of 2012, Plaintiff received a correspondence from Thomas G. Bruton, Clerk of the Court for the Northern District of Illinois (Dirksen Federal Building) wherein it stated that inmates previously confined at the Cook County Jail who, on or after January 06, 2005, made a timely request for the return of property taken from them upon admission to the CCJ and were informed that their property had been lost or stolen. (See Exhibit A) Plaintiff contacted both attorneys, Morrissey and Flaxman, as to his participation and/or intervention in this class action suit. Neither counsel responded, therefore, causing Plaintiff to file his own Motion to Intervene in Pro Se. (See Exhibit B)

Plaintiff, most recently, received a correspondence dated June 27, 2012 from the law offices of Thomas G. Morrissey. In this missive it is stated that the Honorable Gottschall requested that Counsel Morrissey communicate with Plaintiff. (See Exhibit C)

Because of the said occurrences happening on or about July 21, 2010, Plaintiff is proceeding with this Title 42 U.S.C. § 1983, therefore, fulfilling his obligation of timely filing his petition and not exceeding the statute of limitation requirement of Illinois law (2-year).

## V. Prayer for Relief

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court will grant an appropriate resolution for the Cook County Jail's wrongful actions in the handling of Plaintiff's property. More specifically, that Sheriff Tom Dart be held accountable for all deputy employee conduct since he is the individual that overlooks the hiring, training, and post-designation. Somewhere along the line, someone has wrongfully encouraged and/or enforced the disposal of inmates personal properties. And now, that burden falls on Sheriff Dart. It is unfair and unjust for one's belongings to be treated in such a vague manner; as if one is of nonimportance or nonvalue.

It is for all the aforementioned reasons that the Plaintiff prays that this Honorable Court will find the Defendant, Sheriff Tom Dart, liable for $100.00 per day for everyday that will be spent in the Illinois Department of Corrections commencing on October 22, 2012.

Lastly, Plaintiff prays that this Honorable Court will schedule a trial by jury to find the above set forth facts and claims against the Defendant, Sheriff Tom Dart, true and correct. And may this Honorable Court grant Plaintiff any additional relief it deems just and proper.

Respectfully submitted,

*Alejandro Perales*
Alejandro Perales
Reg. No. 40389-424
FCI Elkton
PO Box 10
Lisbon, OH 44432

Date: 7/10/12

**Exhibit A**

**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

February 24, 2012

This notice is being sent to you because records show that you were processed into the Cook County Jail after January 5, 2005.

A lawsuit pending in federal court in Chicago may affect you. The name of the case is *Elizarri v. Sheriff of Cook County.*, No. 07-cv-2427.

United States District Judge Joan B. Gottschall has ordered that the case may proceed as a class action for the following class:

> All persons who, on or after January 6, 2005, made a timely request for the return of property taken from them upon admission to the Jail and were informed that the property had been lost or stolen. A request by a person who was released before July 27, 2007 was timely if it was made within 120 days of his/her release. A request by a person who was released on or after July 27, 2007 was timely if it was made within 90 days of his/her release.

If you participate in the case as a member of this class, you will be represented by attorneys Thomas G. Morrissey, 10249 South Western Avenue, Chicago, Illinois 60643, phone (773) 238-4235 and Kenneth N. Flaxman, 200 South Michigan Avenue, Chicago, Illinois 60604. The Court has found that attorneys Morrissey and Flaxman are able to represent the class, although it has not required that you agree to have them represent you. If you desire, you may enter an appearance through an attorney other than class counsel or on your own without a lawyer. Class members will not have any obligation to pay for legal services to class counsel except out of any damage award as the Court may order.

The Court's order allowing this case to proceed as a class action means that, as a member of the class, you may be eligible to receive money damages if the plaintiffs prove their claim. The Court has not made any ruling or determination about whether the defendants have any unlawful policy. Nothing in this notice should be read as a ruling on these issues. Unless you exclude yourself from the case, you will be bound by the decision of the Court

If you do not wish to participate in this case, you must return the enclosed "opt out" form to the Law Offices of Thomas G. Morrissey, P.O. Box 4602, Oak Park, IL 60303-4602 on or before April 24, 2012. *This means that the form must be received by April 24, 2012, (not simply put in the mail by then).*

By returning the "opt out" form, you will not be represented by class counsel, but may proceed on your own, either through a separate suit or by a petition to intervene in this class action.

The court file in this case is available for examination in the Office of the Clerk, 219 South Dearborn Street, Chicago, Illinois between the hours of 9:00 a.m. and 4:30 p.m. Monday through Friday. ***Do not call either the Office of the Clerk or Judge Gottschall for information about the case.***

Thomas G. Bruton
Clerk, United States District Court

# *IMPORTANT NOTICE*

**Exhibit B**

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALEJANDRO PERALES,<br>    Plaintiff | ) ) ) ) | CASE NO. 07-cv-2427 |
| v. | ) ) | HONORABLE JOAN B. GOTTSCHALL |
| SHERIFF OF COOK COUNTY,<br>    Defendant | ) ) ) | |

## MOTION TO ~~ADJOIN~~ INTERVENE PENDING CIVIL MATTER AS A CLASS MEMBER IN ELIZARRI V. SHERIFF OF COOK COUNTY

NOW COMES, Petitioner, Alejandro Perales, as represented in propia personam, and hereby moves this Honorable Court for a Motion to ADJOIN PENDING CIVIL MATTER AS A CLASS MEMBER IN ELIZARRI V. SHERIFF OF COOK COUNTY.

Petitioner was at the Cook County Jail from July 21, 2010 through September 21, 2010. During the intake proceedings, deputy staff subdued Petitioner from his personal belongings, including his so essential legal documents. From that point forward, Petitioner never saw his property again. Due to this wrongful action, Petitioner found himself dumbfounded for adjudication and pled guilty instantly for he had been divested of his legal instruments. Petitioner was literally withheld from his right to a jury trial due to the Cook County Jail's tort.

### STATEMENT OF FACTS

**LET IT BE KNOWN TO ALL MEN THAT;**

                      Petitioner to this Motion as represented in propia personam, sui juris, and acting on his own behalf and as his own counsel, hereby avers for this Honorable Court the following factual basis for review and consideration toward Petition;

1.) Petitioner acknowledges that this filing is in relation to a pending civil matter that exists in Case No. 07-CV-2427 Elizarri v. Sheriff of Cook County Jail.

2.) Petitioner avers that on July 21, 2010, he was extradited back to the Cook County Jail to go before the judge on an old pending matter.

3.) Petitioner avers that upon arriving at the CCJ, his personal property, including his indispensable legal documentation, were seized from his person.

4.) Petitioner avers that he consistently and diligently tried to recuperate his personal belongings, but all deputy staff were demurringly willing to assist.

5.) Petitioner avers that due to this tort, he was literally blinded for adjudication for enclosed within his legal documentation were case law citations in favor of Petitioner's situation, Illinois state statutes with public law, and very important issues that were to be raised at trial

6.) Petitioner avers that as a result of this action by the Cook County Jail, he was left with no choice but to plead out.

7.) Petitioner avers that had he been given his personal property along with his legal documentation, the outcome would of been different.

8.) Petitioner acknowledges that he is a flesh and blood adult male of legal age and sound mind and faculty who is currently held under the bondage of incarceration with the Federal Bureau of Prisons and being held under residence within the Federal Correctional Institution Elkton in Lisbon, Ohio.

### REQUEST FOR RELIEF

**LET IT BE GRANTED BY THIS HONORABLE COURT THAT;**

1.) Petitioner be permitted to adjoin the aforementioned civil matter for the wrongful action that occurred upon admission into the Cook County Jail.

2.) Petitioner, on April 03, 2012, wrote Attorneys Thomas G. Morrissey and Kenneth N. Flaxman to announce his interest in his participation in the pending suit. But Petitioner never received a response from either counsel. (Please see Exhibit A.)

3.) Petitioner avers that it is for this reason that he now seeks to move forward in propia personam and as his own counsel.

### PRAYER FOR RELIEF

**NOWTHEN;**

Petitioner respectfully prays to this Honorable Court for appropriate action; ~~ADJOINMENT~~ INTERVENE OF CIVIL MATTER AGAINST SHERIFF OF COOK COUNTY JAIL.

Furthermore, Petitioner prays that this Honorable Court will schedule a trial by jury to find the above set forth facts and claims against the Defendant, Sheriff of the Cook County Jail, true and correct.

Furthermore, find the Defendant liable for $2,000,000.00 in damages. And may this Honorable Court Grant Petitioner any additional relief it deems just and proper.

Respectfully submitted,

Alejandro Perales
Reg. No. 40389-424
F.C.I. Elkton
P.O. box 10
Lisbon, OH 44432

Date:_____

## AFFIDAVIT OF ALEJANDRO PERALES

I, Alejandro Perales, hereinafter referred to as affiant, hereby affirm the following statements to be the product of my personal knowledge:

Affiant avers that most recently he received a correspondence from Thomas G. Bruton, Clerk of the Court, at the Everett McKinley Dirksen federal building in where it states that a civil action matter exists as to inmate personal property being lost or stolen upon admission to the Cook County Jail. (Elizarri v. Sheriff of Cook County No. 07-cv-2427)

Affiant avers that on July 21, 2010, after having filed a motion under the Interstate Agreement on Detainers, was extradited back to Chicago to go before the judge on an old pending case (98-CR-2302501).

Affiant avers that on this said trip, he brought along a few items, but most importantly, his legal documentation with case law citations and strategic procedures for resuming to trial upon arrival.

Affiant avers that State Investigator Rosendo Suarez assured him he would be allowed to maintain his paperwork throughout the intake procedures. Once the process began, a sergeant put his belongings on top of a counter and told affiant to step into the processing cage. Affiant continuously asked that his documents be returned to him upon conclusion of the intake process. This never occurred.

Affiant was placed in Division 9 and put in the 2-C housing pod. Affiant diligently requested that his legal documents be returned to him. But all deputy staff were reluctant to assist. On one particular day, affiant confronted a Deputy Fernando Trevino and requested that he look into these very important documents. But Deputy Trevino was to no avail.

Soonthereafter, affiant hired attorney, William P. Murphy. However, due to the lost legal documentation, relevant case law citations, along with other

important issues that were to be raised at trial, affiant found himself dumbfounded. With no personal agenda, and literally blinded for adjudication, affiant pled guilty to the said charges. Sadly, now affiant has a second sentence that he must serve upon satisfaction of his federal commitment.

Affiant was very much disturbed at how the Cook County Jail handled his property. It was very unprofessional and unappropriate. Affiant wrote a Captain Henry Paige via a prisoner request slip regarding this matter. Affiant never received a response.

Affiant has since filed a petition for Executive Clemency (Docket No. 29766) to the Illinois Prisoner Review Board in hopes of having that state sentence run concurrent to his federal sentence. He has yet to receive a response. Affiant's petition has been in since November of 2010.

I, Alejandro Perales, hereby affirm the foregoing statements to be true and certain under penalty of perjury pursuant to Title 28 U.S.C. § 1746.

EXECUTED this __4__ day of ~~April~~ May 2012.

Alejandro Perales
Reg. No. 40389-424
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Signed and sworn before me this __4__ day of ~~April~~ May 2012.

_____
Notary Public

Shannon Kerr
Notary Public
State of Ohio
My Commission Expires
9/23/2015

**Exhibit C**

# Thomas G. Morrissey, Ltd.
ATTORNEY AT LAW
10249 SOUTH WESTERN AVENUE
CHICAGO, ILLINOIS 60643
773-238-4235
FAX: 773-239-0387

THOMAS G. MORRISSEY                                                                                   COOKCOUNTYJAILLIT@GMAIL.COM

June 27, 2012

Mr. Alejandro Perales
Reg. No. 40389-424
FCI Elkton
Federal Correctional Institution
P.O. Box 10

Via: U.S. Mail

Re: *Elizarri v. Sheriff of Cook County*, 07 C 2427

Dear Mr. Perales:

I am writing regarding the above captioned class action lawsuit. Mr. Morrissey went in front of Judge Gottschall yesterday for a status hearing and requested for our office to speak with you regarding the Motion to Intervene you filed on June 14, 2012. You may call Mr. Morrissey collect at 773-238-4235 or 773-233-7900. If you have any questions or are unable to call for any reason, please respond to the letter so we may try to set up a legal phone call.

Sincerely,

*Jessica R. Evans*

Jessica Evans, Paralegal
