## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ALEJANDRO PERALES**, Pro Se, | ) |
| Plaintiff, | ) |
| v. | ) No. 12 C 5586 |
| **TOM DART**, Sheriff of Cook County, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Alejandro Perales ("Perales") has brought a pro se action against Cook County Sheriff Tom Dart, utilizing a form of Complaint made available for use by prisoners asserting violations of their civil rights. But the exhibits attached to the Complaint show that Perales is already a member of the plaintiff class in an action pending before this Court's colleague Honorable Joan Gottschall, <u>Elizarri v. Sheriff of Cook County</u>, 07 C 2427, the result of which will be binding on Perales (like all other members of the class who have not chosen to opt out).

Complaint Ex. A, a copy of a February 24, 2012 notice from District Court Clerk Thomas Bruton to Perales and all other putative class members in the <u>Elizarri</u> lawsuit, states in relevant part:

> Unless you exclude yourself from the case, you will be bound by the decision of the Court.
>
> If you do not wish to participate in this case, you must return the enclosed "opt out" form to the Law Offices of Thomas G. Morrissey, P.O. Box 4602, Oak Park, IL 60303-4602 on or before April 24, 2012. *This means that the form must be received by April 24, 2012,(not simply put in the mail by then.)*

> By returning the "opt out" form, you will not be represented by class counsel, but may proceed on your own, either through a separate suit or by a petition to intervene in this class action.

Because Perales did not opt out of the action, by definition he is part of the class certified in the Elizarri case and will be bound by the decision in that action. Hence this lawsuit, if treated as a separate case, would be entirely superfluous, and this Court therefore dismisses this action sua sponte (the dismissal is of course without prejudice).[1]

It is however plain that Perales has not fully understood the notice from Clerk Bruton. Complaint Ex. B is a photocopy of a document that he apparently filed before Judge Gottschall, both the title and the text of which were characterized as a "motion to adjoin" the Elizarri action, but Perales struck the word "adjoin" in the title (but not the text), substituting the word "intervene" instead. Understandably that led to Complaint Ex. C, a June 27 letter from the office of one of the two class counsel (Thomas Morrissey, Esquire) asking to discuss Perales' filing. Perales has apparently not followed up completely on that request, but he would do well to do so.[2]

 _____
 Milton I. Shadur
 Senior United States District Judge

Date: July 25, 2012

---

[1] Perales has also submitted an affidavit seeking in forma pauperis ("IFP") status, but the financial information that his custodial institution has provided does not at all conform to the requirements of 28 U.S.C. § 1915(a)(2). In light of the action ordered in the text, this Court denies the IFP motion as moot, so that Perales will not be obligated to pay a $350 filing fee in future installments as that statute would require.

[2] There would certainly seem to be no point in Perales' attempting to pursue his claim on his own within the framework of the Elizarri lawsuit, rather than acting through class counsel, but that is a decision for him to make.